UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **SHELLEY GRAHAM, individually and**<br>**on behalf of others similarly situated,** | § § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **CASE NO. _____** |
| **PROS REHABILITATION, LLC**<br>**SCK MANAGEMENT SERVICES, INC.,**<br>**and KELLY BAILEY, individually,** | § § § § | |
| **Defendants.** | § § | |

## COMPLAINT

Plaintiff SHELLEY GRAHAM, individually and on behalf of all those similarly situated,

by and through her attorney, hereby alleges as follows:

## NATURE OF THE ACTION

1.      This action arises under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001, *et seq.*, and is brought on behalf of current and former employees

of PROS Rehabilitations ("PROS") and SCK Management Services, Inc. ("SCK") who are

participants in the SCK Management Services, Inc., 401(k) and related coverages related to

insurance coverages provided through the company payroll deductions to restore losses,

contributions and monies improperly used and/or invested in prohibited transaction(s) or directly

converted by the Defendants and to obtain equitable relief to remedy violations of ERISA and/or

continuing breaches of fiduciary duty(ies) by Defendants.  "PROS" and "SCK" were and are

controlled by Kelly Bailey ("Bailey").

2.      This action arises out of Transactions involving the systematic deduction by defendants from plaintiff's pay checks and other similarly situated employees of defendants of funds purportedly for:

     a)      401(k) contributions; and
     b)      health insurance premiums

that were not properly applied but converted by defendants to their own use at the expense of the employee participants.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States and pursuant to 29 U.S.C. § 1132(e)(1), which provides for jurisdiction of actions brought under Title I of ERISA.

4.      This Court has personal jurisdiction over each of the Defendants because, (a) of the defendants extensive contacts with the State of Texas, Northern District of Texas as a result of their positions or affiliations with PROS Rehabilitation and SKC, (b) a number of Defendants, including PROS, SKC and Bailey are or were at the time of the 2010-2013 Transactions and to date residents of the State of Texas and (c) because ERISA provides for nationwide service of process.

5.      Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because (a) the PROS and/or SKC 401(k) is administered in this District, (b) some or all of the breaches of fiduciary duty and violations of ERISA took place in this District and/or (c) at least one Defendant, and up to three Defendants, reside or may be found in this District.

## PARTIES

### Plaintiffs

6.      Plaintiff Shelley Graham, ("Graham") was an employee of PROS Rehabilitation

from May 5, 2009 to December 31, 2012, in Hereford, Texas, at The Kings nursing home

operated, it is believed by PROS and/or SCK.  Graham was a participant in the PROS, SCK

401(k) retirement plan and the other Plaintiffs were participants in said 401(k) plan sponsored by

PROS, SCK and/or Baily and the other participants' in the PROS, SCK 401(k) plan, as the case

may be involving the systematic deduction by defendants from plaintiff and other similarly

situated employees of defendants of funds purportedly for:

> a) 401(k) contributions; and,

> b) health insurance premiums that were not properly applied but connected by
> defendants to their own use the expense of the employee participants.

### Defendants

7.      Defendant PROS Rehabilitation, is believed to be a Texas Limited Liability Co.

whose registered agent for service is Kelly Bailey, 209 S. Old Betsy Road #11, Keene, Texas

76059.

8.      Defendant Kelly Bailey, an individual, who is believed to be a fiduciary of the

plan and makes decisions about said plan and may be served with process at her residence at 141

Hillside Drive East, Burleson, Texas 76028.

9.      SCK Management Services, Inc., is a Texas Corporation whose registered agent is

Kelly Bailey and it may be served with process by service at 209 S. Old Bety Road #11, Keene,

Texas 76059.

## ALLEGATIONS COMMON TO ALL COUNTS

10.     The PROS Rehabilitation, LLC ("PROS"), SCK Management Services, Inc. ("SCK") and Kelly Bailey, an individual, have controlled the 401(k) set up for the employees, including plaintiffs Graham and other similarly situated employees.

11.     Defendants PROS, SCK and Bailey regularly withheld deductions from Graham's paycheck for a) 401(k) contributions and b) health insurance premiums see Exhibit "A" for an example of said deductions.  Defendants did not make said withheld contributions to the 401(k) nor did defendants pay the health insurance premiums that said payments were withheld to defray health insurance premiums or payments withheld by the defendants to defray health insurance premium costs thereby converting those funds to defendants use.  It is believed the defendants have practiced this fraud on other employees similarly situated.

Plaintiff and others similarly situated relied upon (a) the fact that defendants when they withheld funds for insurance premium payment(s) that the said sums deducted for the represented purpose would be properly applied to provide health insurance for Graham and her family and (b) that defendants were contributing her withheld deductions represented to be contributed to the company 401(k) plan when in fact defendants diverted them to other uses.

Kelly Bailey ("Bailey") in an individual, officer, director of defendants PROS and SCK, a fiduciary thereof and the person in control of PROS and SCK who makes management decisions on a day to day basis.  Bailey is the individual responsible to make the 401(k) plan whole and to restore the diverted funds and to make plaintiff(s) whole for their consequential damages as a result of the diversion of said employee(s) funds.

Plaintiff has incurred the following medical expenses pursuant to the health insurance purportedly provided by defendants that are owed and past due as a result of defendants failure to

pay health insurance premiums:

1)    Health Medical Insurance premium withheld and not paid $1,339.98

2)    Humana $1,467.00

3)    3/01/12 thru 06/01/12 Dental expense $21.17 x 6 = $127.02

4)    10/15/12 thru 12/31/12, $190.02 x 5 (withheld) = $950.10

5)    10/15/12 thru 12/31/12 - Dental $22.74 x 5 = $113.10

6)    Blue Cross - Blue Shield $1,063.80

7)    Medical Bills (which should have been covered by insurance) of $7,588.30 and medical bills for the dependent children of $14,642.78.

Plaintiff Graham has had the following 401(k) deductions from her paycheck that have not been deposited in her account:

1/11/2010 thru 7/01/2012 - $75.40 x 60 = $4,524.00

## SUMMARY OF RELEVANT PLAN TERMS

### The 401(k) Retirement Plan

12.    The 401(k) retirement plan was set up for the benefit of the employees pursuant to ERISA. When plaintiff through discovery in this case has received a copy of the plan plaintiff will seek leave of Court to amend this complaint and insert the relevant provisions of the plan.

13.    No prudent and loyal fiduciary (including the employers) would have misdirected or converted 401(k) contributions or health insurance premiums to other uses for whatever reason.

a.    in the case of the Defendants Kelly Bailey no prudent and loyal fiduciary would have diverted deductions from employee's pay to anything other than the use specified, i.e., a) the payment of the health insurance

premiums and/or b) as contributions to the 401(k) plan in which plaintiff

and others similarly situated were and are participating.

## COUNT I.

### (VIOLATION OF ERISA § 208 AND THE TERMS OF THE PLANS AGAINST DEFENDANT BAILEY ON BEHALF OF THE SUBCLASS)

14.    Plaintiff repeats and incorporates the allegations contained in the foregoing

paragraphs as if fully set forth herein.

15.    ERISA § 208, 29 U.S.C. § 1108, prohibited Bailey from diverting deductions

from the company to be deposited in plaintiffs 401(k) accounts to be used by management

elsewhere or for any other reason.

16.    As part of the contributing fraud perpetrated on plaintiff and others similarly

situated defendants have violated ERISA by deducting funds from employees pay dedicated to

the 401(k) plan and/or health insurance premiums and having the said funds or accounts diverted

to other uses is a breach of fiduciary duty without accurate information or proper disclosure to

the plan participants.

17.    As a result of causing the accounts of PROS/SCK employees to be diverted to

other uses, under the circumstances described above, PROS, SCK and Bailey violated Section

208 of ERISA, 29 U.S.C. § 1108, and the 401(k) Plan Document.

## COUNT II

### (VIOLATIONS OF ERISA § 502(a)(3) AGAINST DEFENDANTS KELLY BAILEY, AN INDIVIDUAL, AND PROS and SCK

18.    Plaintiff repeats and incorporates the allegations contained in the foregoing

paragraphs as if fully set forth herein.

19.     Defendant Kelly Bailey knew or should have known of the existence of the 401(k) plan and had actual or constructive knowledge that the PROS/SCK Trustee(s), caused the PROS and/or SCK to withhold funds from employee paychecks at the direction of the individual defendant Bailey to utilize those withheld funds for corporate debt and expenses.  Nonetheless, Bailey, PROS and SCK enabled and, it is believed, directed the 401(k) fiduciary to divert and convert those funds to PRS and SCK expense inuring to the personal benefit of the individual Bailey and in refusing to make required contributions to the 401(k) and failing to disclose the same to the participants.

20.     By knowingly participating in the foregoing breaches of fiduciary duty of ERISA § 401(a), 29 U.S.C. § 1104(a), and § 406(a), 29 U.S.C. § 1106(a), by the 401(k) Trustee(s) through the diversion of employee funds and the conversion of employee funds for PROS, SCK and Bailey's debt and expenses, and the converted funds they received, Kelly Bailey, PROS and SCK are liable to disgorge any benefit that they received which is traceable to such breaches, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

21.     Upon information and belief, the proceeds Kelly Bailey received from the diversion of employee funds are traceable because, in order to obtain the tax benefits from the sale, the proceeds must be invested in qualified replacement property (generally stocks and bonds or other debt instruments issued by United States operating companies) pursuant to Section 1042 of the Internal Revenue Code and defendants herein did nothing to disclose these acts and events to the employee/participants in breach of their duties.

22.     By knowingly participating in the foregoing breaches of fiduciary duty of ERISA § 404(a), 29 U.S.C. § 1104(a), and § 406(a), 29 U.S.C. § 1106(a), by the 401(k) Trustee(s) and/or

fiduciaries through the diversion of employee funds Kelly Bailey, PROS and/or SCK should also

be ordered to rescind the diversion of said funds, pursuant to ERISA § 502(a)(3), 29 U.S.C. §

1132(a)(3) and defendants Bailey, PROS and SCK held jointly and severally liable and ordered

disgorge any and all fees received.

## COUNT III

### VIOLATION OF ERISA §§ 404(a)(1)(A), (B) and (D)

23.     Plaintiff repeats and incorporates the allegations contained in the foregoing

paragraphs as if fully set forth herein.

24.     As part of the process of deducting money from plaintiffs paycheck for 401(k)

contributions and health insurance premiums, it is believed, that Kelly Bailey and others at her

direction, treated the deductions from the employee paychecks as PROS, SCK and Bailey's

property and diverted those funds to other purposes or uses.  This action was a violation of

defendants fiduciary duties and constitutes self-dealings and conversion.  None of these

deductions found their way to the 401(k) or for insurance premiums payments.

25.     Defendant Kelly Bailey is or was at all times relevant to this action the owner of

the company, in part, the chief executive officer of the companies and acted on behalf of the

companies, as a fiduciary of the Plan.  Bailey was a signer of the Plan documents, it is believed,

had the authority and responsibility to make any and all administrative decisions with respect to

the Plan and, in fact, made all relevant decisions in connection therewith.  Therewith, she is

and/or was at all relevant times to this action a "fiduciary" within the meaning of § 3(21)(A) of

ERISA, 29 U.S.C. § 1002(14)(A) and (C).

26.     Pursuant to DOL Regulation at 29 C.F.R. § 2510.3-102(a)(1), employee

contributions become assets of the Plan as soon as they can reasonably be segregated from the assets of the employer.

27.    During times material PROS, SCK and Bailey withheld funds from employees payroll purported for the benefit of the participants of the 401(k) plan.  PROS, SCK and/or Bailey received those funds and rather than contributing them to the 401(k) plan or defraying insurance premiums for the benefit of the Plan participants, it is believed, he converted and diverted these funds to his personal use and benefit in violation of ERISA.  The PROS, SCK and Bailey failed to ensure that the forgoing funds were properly remitted to the Plan as soon as they could reasonably be segregated from the assets of the employer or Kelly Bailey.

28.    Defendants the Companies and Bailey have breached their fiduciary obligations by failing to discharge their duties with respect to the Plan solely in the interest of the Plan participants and beneficiaries for the exclusive purpose of providing benefits and defraying reasonable expenses of Plan administration, with the requisite degree of care, skill and prudence, and in accordance with the documents and instruments governing the Plan, in violation of §§ 404(a)(1)(A), (B) and (D) of ERISA, 29 U.S.C. § 1104(a)(1)(A), (B) and (D), by, among other things, failing to ensure that participants contributions to the Plan and failing to administer the Plan in a prudent manner.

39.    Defendants the Companies and Bailey have caused the Company and/or Bailey to to retain the use of unremitted participant contributions as described in paragraphs 24 through 30 above, which they knew or should have known constituted a direct or indirect transfer of Plan assets to or use for the benefit of the Company or Bailey, a parties in interest in violation of § 1106(b)(1) & (2), by among other things, causing the Companies and/or Bailey to retain the use

of unremitted participants contributions and or deductions from payroll for its/their daily

business operations and/or Bailey's personal use and/or benefit, as the case may be to the

expense and damage of the plan participants and beneficiaries.

## EXEMPLARY DAMAGES

40.     Defendant Bailey acting in concert with Defendants PROS and SCK and their acts

or omissions described above, when viewed from the standpoint of the Bailey Defendant at the

time of the act or omission and approved by other corporate management, involved an extreme

degree of risk, considering the probability and magnitude of the potential harm to the Plan

participants and their funds.  Defendants had subjected awareness of the risk involved in the

above described acts or omissions, but nevertheless proceeded with conscious indifference to the

rights, safety, or welfare of the plan participants funds.

41.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded

to Plaintiffs from the Kelly Bailey, PROS, and SCK defendants, jointly and severally.

## COUNT IV

## ACCOUNTING

42.     In addition to the foregoing and for Count III of this Complaint, Graham, et al,

realleges herein as repeated in full, each allegation contained in paragraphs 1 through 41,

inclusive, and Graham, et al, further states:

43.     This Court has jurisdiction of this Count IV under Section 1332 of Title 29, USC

(29 U.S.C.A, Section 1332) and the principles of pendant jurisdiction.  The amount in

controversy exceeds $75,000.00, exclusive of interest and costs. Specifically, this Count is

limited to the equivalent relief sought pursuant to ERISA for the various breaches of fiduciary

duties by the defendants.

44.    In the alternative, defendants should be Ordered to account to Plaintiff for any and all funds in the 401(k) and withheld health insurance premiums, including but not limited to 1) the withheld funds, 2) all contributions, 3) all deposits and/or withdrawals as it relates to the 401(k) account, 4) the performance and value of each and every participants accounts in the 401(k).

## ENTITLEMENT TO RELIEF

45.    By virtue of the violations of ERISA described in the preceding paragraphs, Plaintiffs are entitled to sue the fiduciaries who committed the breaches of fiduciaries duty described therein pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) for relief on behalf of the PROS/SCK 401(k) plan as provided in ERISA § 409, 29 U.S.C. § 1109, including recovery for the 401(k) of any losses to the 401(k) plan resulting from each such breach, and such other breach, and such other equitable or remedial relief as the court may deem appropriate, whichever is in the best interest of the participants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants on each Count of this Complaint and the following relief:

1.    An order rescinding the improper diversion of employee funds and restoring the account of plaintiffs in the 401(k).

2.    An order requiring each fiduciary and/or director alleged herein to have breached his fiduciary duty to the 401(k) plan to jointly and severally pay such amount to the 401(k) as is necessary to make the 401(k) plan whole for any losses which resulted from said breaches of

fiduciary duty or by virtue of liability pursuant to ERISA § 405, 29 U.S.C. § 1105.

3.      An order requiring the proceeds of any recovery for the 401(k) plan to be allocated to the accounts of participants in the 401(k) plan in proportion to the injury that they suffered as a result of the breach of fiduciary duty.

4.      An order requiring the forfeiture of any interest in the 401(k) plan of any fiduciary alleged to have breached his fiduciary duty the he Plan to the extent necessary after any recovery for the 401(k) plan to make whole the innocent participants of the 401(k) plan.

5.      A declaration pursuant to ERISA that the Defendants have violated their fiduciary duty in the manner described.

6.      An injunction preventing any of the breaching fiduciaries from acting as fiduciaries for any plan that covers the employees of PROS and SCK.

7.      An order removing the Kelly Bailey Trustee or fiduciary Defendant from her role as such for the 401(k) plan and appointing an Independent Fiduciary to manage the 401(k) plan.

8.      The cost of the suit, including attorney's fees under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), and this Court's inherent equitable authority and powers.

9.      Every penalty provided by ERISA levied against the defendants, including but not limited to the penalties for failure to file annual reports with federal agencies and to provide plan participants with their account performance and balances.

10.      A full and complete accounting of all transaction with regard to the 401(k) assets, funds, disbursements, contributions, and the like.

11.      Pre-judgment and post-judgment interest.

12.      Other such and further relief as the Court deems appropriate.

Dated this *22* day of October, 2013.

Respectfully submitted,

LAW OFFICES OF PHILIP R. RUSS
Philip R. Russ, SBN 17406000
2700 S. Western, Suite 1200
Amarillo, Texas 79109
806-358-9293 - Telephone
806-358-9296 - Facsimile

*/s/ Philip R. Russ*
Philip R. Russ
**Attorneys for Plaintiff**

*Complaint*

JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| SHELLEY GRAHAM | PROS REHABILITATION, LLC SCK MANAGEMENT SERVICES, INC. and KELLY BAILEY, individually |
| **(b)**  County of Residence of First Listed Plaintiff _____ *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ *(IN U.S. PLAINTIFF CASES ONLY)* NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* PHILIP R. RUSS, LAW OFFICES OF PHILIP R. RUSS, 2700 S. Western, Suite 1200, Amarillo, TX 79109; 806-358-9293 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Personal Injury - Med. Malpractice | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 690 Other | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 375 False Claims Act ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 850 Securities/Commodities/ Exchange ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act ☐ 896 Arbitration ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision ☐ 950 Constitutionality of State Statutes |
| | | | **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act ☐ 790 Other Labor Litigation ☒ 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 440 Other Civil Rights ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities - Other ☐ 448 Education | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **Habeas Corpus:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION** ☐ 462 Naturalization Application ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) ☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding   ☐ 2  Removed from State Court   ☐ 3  Remanded from Appellate Court   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from another district *(specify)*   ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 1001, et seq

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  10-22-13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____